UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **GLEN COLLINS** <br> aka **GLENN S. COLLINS** | **CIVIL ACTION NO. 3:15-cv-2356** |
| VS. | SECTION P |
| | JUDGE ROBERT G. JAMES |
| **LEE HARRELL, ET AL.** | MAGISTRATE JUDGE KAREN L. HAYES |

REPORT AND RECOMMENDATION

Pro se plaintiff Glen Collins, proceeding in forma pauperis, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on September 10, 2015. Plaintiff is apparently a detainee in the Richland Parish Detention Center (RPDC) awaiting trail on some unspecified charges. Plaintiff sues Capt Fargala and Lt. Parrish of the Richland Parish Sheriff's Office and Assistant District Attorney Douglas Wheeler seeking an order directing the Louisiana court to grant his "guaranteed rights;" he also prays for $500,000 in punitive damages. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted.

*Statement of the Case*

On some unspecified date, plaintiff was arrested by the Richland Parish Sheriff's Office and charged with some unspecified offense. According to plaintiff, he was not read his *Miranda* Rights. Counsel was appointed, however, according to plaintiff "he failed to do anything at all

for me causing me to have to file for relief from the courts on my own and eventually [counsel] just walked out of the courtroom and quit." Thereafter plaintiff filed a motion for discovery which was denied by the District Attorney.

Plaintiff complains that he was denied due process, his right to counsel, and access to the Courts. He asks this Court to order the State Court to grant him his "guaranteed rights" and thus, by implication asks this Court to intervene on his behalf in the on-going criminal case. He also asks for punitive damages.

*Law and Analysis*

*1. Screening*

Plaintiff is a prisoner who has been permitted to proceed *in forma pauperis.* As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir.1998) (*per curiam*). Because he is proceeding *in forma pauperis,* his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2) (B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *accord Ashcroft v.*

2

*Iqbal,* 556 U.S. 662, 678 (2009).

**2. Habeas Corpus**

Although plaintiff filed his complaint as a civil rights complaint pursuant to Section 1983, it appears that in addition to money damages he implies that he is also entitled to his immediate release from custody.  To the extent that his complaint may be construed as challenging the legality of his confinement or as seeking his immediate release from confinement, such claims must be raised by petition for *habeas corpus* relief filed pursuant to 28 U.S.C. §2241 or 2254. *See Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir.1997); *Cook v. Texas Dep't of Criminal Justice Transitional Planning Dep't*, 37 F.3d 166, 168 (5th Cir.1994); *Pugh v. Parish of St. Tammany*, 875 F.2d 436, 439 (5th Cir.1989); *Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); *Serio v. Members of the La. State Board of Pardons*, 821 F.2d 1112, 1117 (5th Cir.1987). "Challenges to the validity of any confinement or to particulars affecting its duration are the province of *habeas corpus*." *Muhammad v. Close*, 540 U.S. 749, 750, 124 S.Ct. 1303, 1304 (2004).

Therefore, to the extent that plaintiff seeks release from custody in this civil rights litigation, such claim must be dismissed for failing to state a claim for which relief can be granted pursuant to 28 U.S.C. 28 U.S.C. § 1915A(b)(1).

**3. Heck v. Humphrey**

Plaintiff also implies that he remains confined in violation of Louisiana and Federal law. Unless the plaintiff can demonstrate that a state court or other authorized tribunal has determined that he has been and continues to be improperly confined, he has no damages claim against any defendant cognizable under section 1983. *See, Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364

(1994)(a claim under § 1983 is barred if success in the suit would necessarily imply the invalidity of an outstanding criminal conviction or his present confinement.)

Plaintiff suggests that his continued custody violates the Constitutions and laws of the United States and the State of Louisiana, however, the grounds supporting plaintiff's confinement have not yet been successfully challenged; and since a finding by this court in his favor would necessarily imply the invalidity of his confinement, *Heck* bars any claim for monetary damages which implies the invalidity of the orders supporting his confinement.[1]

As such, his claims for damages are legally frivolous. *See Hamilton v. Lyons*, 74 F.3d 99, 102-103 (5th Cir. 1996)(A "claim which falls under the rule in *Heck* is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question." )

**4. Younger Doctrine**

Plaintiff asks the Court to order the State Court to grant him his "guaranteed rights" and thus, by implication asks this Court to intervene on his behalf in the on-going criminal case. Plaintiff, in essence, implies that he is entitled to federal intervention into the on-going Louisiana prosecution. The *Younger* Doctrine prohibits the type of intervention requested by plaintiff. In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court held that federal courts must not

---

[1] It should be noted that plaintiff does not assert a false arrest claim; he does not allege that he stands falsely accused and therefore falsely imprisoned due to his innocence of the charges that have been filed against him. Were that the case, he would be entitled to request a stay of these proceedings pending the outcome of his criminal trials, because *Heck* does not extend to cases where a plaintiff files a civil rights action challenging his arrest before any conviction. *Wallace v. Kato*, 549 U.S. 384, 393–94, 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007); see also *DeLeon v. Corpus Christi*, 488 F.3d 649, 655 (5th Cir.2007) (noting that the Supreme Court in *Wallace* refused to extend *Heck's* application to pending criminal matters).

exercise their jurisdiction in equity to intervene in state criminal prosecutions absent truly extraordinary circumstances. *Id.* at 44. There is a three-prong test for determining whether the *Younger* abstention doctrine is applicable: (1) the dispute must involve an "ongoing state judicial proceeding," (2) an important state interest in the subject matter of the proceeding must be implicated, and (3) the state proceedings must afford an adequate opportunity to raise constitutional challenges. *Wightman v. Tex. Supreme Ct.*, 84 F.3d 188, 189 (5th Cir.1996). If those factors are satisfied, then the federal court may only enjoin a pending state criminal court proceeding if: (1) the state court proceeding was brought in bad faith or with the purpose of harassing the federal plaintiff, (2) the state statute is "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence, and paragraph, and in whatever manner and against whomever an effort might be made to apply it," or (3) application of the doctrine was waived. *Younger*, 401 U.S. at 49, 91 S.Ct. 746; *Trainor v. Hernandez,* 431 U.S. 434, 446, 97 S.Ct. 1911, 52 L.Ed.2d 486 (1977); *DeSpain v. Johnston*, 731 F.2d 1171, 1180 (5th Cir.1984).

Plaintiff is awaiting trial on unspecified charges. He is clearly the subject of an "ongoing state judicial proceeding;" further, the State of Louisiana has an important state interest in the subject matter of the proceeding, and, Louisiana law affords plaintiff with ample and adequate opportunities to litigate his constitutional and statutory challenges both before, during, and after trial.

Plaintiff has not established any grounds that would allow the Court to disregard abstention. Therefore, his requests for injunctive relief seeking the intervention of this Court into his on-going State court prosecution, should be dismissed as frivolous pursuant to the *Younger* Doctrine.

*Conclusion and Recommendation*

Therefore,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted pursuant to the provisions of 28 U.S.C. § 1915(e)(2). Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, September 30, 2015.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE